UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| WILLIAM R. WELCH, | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) Case No. 1:18cv224 SNLJ |
| BMAJ CORPORATION, | ) |
| Defendant. | ) |

## MEMORANDUM and ORDER

Plaintiff filed this lawsuit for injuries sustained in a car accident. The defendant has moved to dismiss (#20). The matter is fully briefed and ripe for disposition. For the reasons explained below, the Court will deny the motion.

**I.     Factual Background**

Plaintiff alleges that on February 10, 2011, he was parked in Pilot Travel Station parking lot when a truck driven by Ivan Serebryanskiy collided with plaintiff's vehicle. The truck driven by Serebryanskiy was owned by defendant BMAJ Corporation. Plaintiff filed this lawsuit against both Serebryanskiy and BMAJ in Missouri state court on February 8, 2016—just days before Missouri's five-year statute of limitations expired. Plaintiff did not serve defendant BMAJ until August 14, 2018. BMAJ then removed this matter to this Court pursuant to this Court's diversity jurisdiction. Plaintiff never served Serebryanskiy, and this Court dismissed that defendant for failure to serve process upon him.

Defendant BMAJ argues that plaintiff's case should be dismissed as having been filed outside the statute of limitations or for failure to prosecute.

## II. Legal Standard

Although defendant does not state under which of the Federal Rules of Civil Procedure it seeks dismissal, the Court presumes Rule 12(b)(6) applies. The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and deigned to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (citing *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)). "To survive a motion to dismiss, a claim must be facially plausible, meaning that the 'factual content. . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Cole v. Homier Dist. Co., Inc.*, 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court must "accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Id*. (quoting *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005)).

The parties appear to agree that, in this diversity case, the substantive law of Missouri applies.

## III. Discussion

Plaintiff's personal injury claim is subject to Missouri's five-year statute of limitations. § 516.100 RSMo. After a plaintiff files his lawsuit, he must serve process on the defendants within 30 days; if process cannot be served, he must return it to the court

2

within 30 days with a statement of the reason for failure to serve. Mo. Sup. Ct. R. 54.21. A plaintiff may seek an extension of up to 90 days for service. *Id.*

Here, defendant argues that plaintiff's lawsuit should be dismissed because he waited until days before the statute of limitations expired before filing his lawsuit and then failed to serve defendant for more than two years. Defendant argues that the delay in service, which occurred seven years after the accident, was prejudicial and that the case should be dismissed pursuant to Missouri Supreme Court Rules 54.21 and 67.03 for failure to serve process and failure to prosecute.

Defendant relies on *Boyle v. American Auto Service, Inc.*, 571 F.3d 734, 737 (8th Cir. 2009), which affirmed a district court's dismissal under similar circumstances. The Eighth Circuit held that Federal Rule of Civil Procedure 41(b) applied rather than Missouri Supreme Court Rule 67.03. The court observed that the *Boyle* plaintiff "*did not comply with Missouri law*" by failing to serve the defendant within 30 days. *Id.* (emphasis in original). Instead, Boyle waited four years to serve process, and the court noted that he failed to provide any justification for the delay. The court held that because Boyle "had failed to come forth with an excuse for the delay, we need not address whether [defendant] suffered actual prejudice," and the court affirmed the dismissal of plaintiff's case. Defendant here urges this Court to follow similar logic and do the same.

Unlike in *Boyle*, however, plaintiff here explains that he attempted to serve defendant BMAJ several times. As the *Boyle* court observed, and as defendant admits, due diligence is not a strict requirement with respect to service of process. *Id.*; *see also Ostermueller v. Potter*, 868 S.W.2d 110, 111 (Mo. *banc* 1993). Plaintiff states that

3

he attempted to serve defendant four times in February 2016, but he eventually determined that the address listed for defendant's registered agent was not correct. Plaintiff states that defendant administratively dissolved and reappeared at least twice, and he cites to searches performed on the Illinois Secretary of State's website conducted, for example, in January 2017, supporting his efforts at finding defendant. Finally, plaintiff obtained a new address for defendant and served defendant on August 14, 2018.

The Court disagrees with defendant that plaintiff "failed to prosecute" his case when plaintiff's attempts at serving process on defendant were thwarted by defendant itself. As for defendant's argument that plaintiff waited too long to file the petition in the first place, defendant does not deny that its insurance company was in negotiations with plaintiff's counsel during the years between the accident and the eventual lawsuit. Thus, defendant surely had knowledge of the possibility of a lawsuit. Plaintiff will not be punished for his attempts to settle this matter out of court when he in fact filed his petition within the statute of limitations and thereafter diligently attempted to serve the defendant. Further, defendant does not appear to contest the mitigating circumstance that plaintiff was parked when he was hit by defendant's driver, thus the primary issue in this case will be damages.

Finally, defendant argues that its prejudice is "highlighted" by the fact that plaintiff never served Serebryanskiy and that "consequently, the key individual

4

whom Plaintiff claims was at fault in the underlying accident – and whose fault BMAJ is supposedly liable for – is not a participant to this action" now, eight years later. (#20 at 3.) Plaintiff explains that Serebryanskiy has not been located despite plaintiff's best efforts. Defendant's complaint with respect to this issue is belied by the fact that Serebryanskiy is or was defendant's own employee, thus defendant is in a better position to locate Serebryanskiy itself. Defendant admits that it has long known about the accident and thus could have taken steps to preserve evidence. Its motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss (#20) is DENIED.

Dated this  11th  day of September, 2019.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE